**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern District   District of New York
                              (State)

Case number (*if known*): _____   Chapter __11__

☐ Check if this is an amended filing

*(stamp):* CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2025 JUL 31 P 2: 07

RECEIVED

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | RALEG MARCY GROUP INC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 8 7 _ 2 6 8 9 2 1 4 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 300 Herkimer Street | |
| Number    Street | Number    Street |
| | P.O. Box |
| Brooklyn        NY    11216 | |
| City        State    ZIP Code | City        State    ZIP Code |
| *Ausa  KINGS* | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number    Street |
| | |
| | City        State    ZIP Code |

5. **Debtor's website (URL)** _____

| Debtor | RALEG MARCY GROUP INC | Case number (if known) |
|---|---|---|
| | Name | |

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2 3 2 3

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor  **RALEG MARCY GROUP INC**
Name

Case number *(if known)*_____

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☒ Yes.  District *EASTERN*_____  When _____  Case number _____
                                              MM / DD / YYYY

         District _____  When _____  Case number _____
                                              MM / DD / YYYY

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.  Debtor _____  Relationship _____

         District _____  When _____
                                                    MM / DD / YYYY

         Case number, if known _____

---

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                          Number        Street

_____

_____
City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name _____

         Phone _____

---

█████ **Statistical and administrative information**

---

Debtor    RALEEG MARCY GROUP INC _____    Case number (if known)_____
          Name

---

| 13. | Debtor's estimation of available funds | Check one: |
|---|---|---|
| | | ☑ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

---

| 14. | Estimated number of creditors | |
|---|---|---|

| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|
| | | I have been authorized to file this petition on behalf of the debtor. |
| | | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 07/31/2025
          MM / DD / YYYY

✗ _Alan_ _____    Andy Alege
Signature of authorized representative of debtor    Printed name

Title  President _____

---

Debtor    RALEEG MARCY GROUP INC
          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
          Name                                      Case number (if known)_____

**18. Signature of attorney**    ✘ _____    Date    _____
                                 Signature of attorney for debtor              MM   / DD / YYYY

                                 _____
                                 Printed name

                                 _____
                                 Firm name

                                 _____
                                 Number        Street

                                 _____    _____
                                 City                         State       ZIP Code

                                 _____    _____
                                 Contact phone                Email address

                                 _____    _____
                                 Bar number                   State

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

□ _____ X

Chapter 11

Case No: _____

IN RE:  RALEG MARCY GROUP INC

Debtor


□ _____ X

### CORPORATE DISCLOSURE STATEMENT
### PURSUANT TO E.D.N.Y LBR 1073-3

I, ANDY ALEGE, under penalty of perjury state as follows:

1.      I am the President of the Debtor in the above captioned matter.

2.      There are no corporate entities that own, directly or indirectly, 10% or more of any class of the Debtor's equity interests.

3.      I declare under penalty of perjury that I have read the foregoing statements and that they are true and accurate to the best of my knowledge, information and belief.

Dated: July 31, 2025

_____
Andy Alege
President
RALEG MARCY GROUP INC (Debtor)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

☐ _____ X

Chapter 11

Case No: _____

IN RE: RALEG MARCY GROUP INC  Debtor

☐ _____ X

CORPORATE OWNERSHIP STATEMENT PURSUANT TO
FEDERAL BANKRUPTCY RULES 1007 (a)(1)

I, ANDY ALEGE, under penalty of perjury state as follows:

1.      I am the President of the Debtor in the above captioned matter.

2.      There are no corporate entities that own directly or indirectly, 10% or more of any class of the Debtor's equity interests.

3.      I declare under penalty of perjury that I have read the foregoing statements and that they are true and accurate to the best of my knowledge, information and belief.

Dated: July 31, 2025

_____
Andy Alege
President

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
<tr><td>Debtor Name</td><td>RALEEG MARCY GROUP INC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Eastern  District    District of <strong>New York</strong><br>(State)</td></tr>
<tr><td>Case number (<em>if known</em>):</td><td>_____</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* ____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **07/31/2025**     ✗ _____
      MM / DD / YYYY         Signature of individual signing on behalf of debtor

                              Andy Alege
                              Printed name

                              President
                              Position or relationship to debtor

 **IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI OH   45999-0023

Date of this notice:  09-17-2021

Employer Identification Number:
87-2689214

Form:  SS-4

Number of this notice:  CP 575 A

RALEG MARCY GROUP INC
45 MAIN STREET SUITE 518
BROOKLYN, NY  11201

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.


## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN 87-2689214.  This EIN will identify you, your business accounts, tax returns, and
documents, even if you have no employees.  Please keep this notice in your permanent
records.

When filing tax documents, payments, and related correspondence, it is very important
that you use your EIN and complete name and address exactly as shown above.  Any variation
may cause a delay in processing, result in incorrect information in your account, or even
cause you to be assigned more than one EIN.  If the information is not correct as shown
above, please make the correction using the attached tear off stub and return it to us.

Based on the information received from you or your representative, you must file
the following form(s) by the date(s) shown.

         Form 1120                       04/15/2022

If you have questions about the form(s) or the due date(s) shown, you can call us at
the phone number or write to us at the address shown at the top of this notice.  If you
need help in determining your annual accounting period (tax year), see Publication 538,
*Accounting Periods and Methods*.

We assigned you a tax classification based on information obtained from you or your
representative.  It is not a legal determination of your tax classification, and is not
binding on the IRS.  If you want a legal determination of your tax classification, you may
request a private letter ruling from the IRS under the guidelines in Revenue Procedure
2004-1, 2004-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note:
Certain tax classification elections can be requested by filing Form 8832, *Entity
Classification Election*.  See Form 8832 and its instructions for additional information.

**IMPORTANT INFORMATION FOR S CORPORATION ELECTION:**

If you intend to elect to file your return as a small business corporation, an
election to file a Form 1120-S must be made within certain timeframes and the
corporation must meet certain tests.  All of this information is included in the
instructions for Form 2553, *Election by a Small Business Corporation*.

(IRS USE ONLY)    575A                09-17-2021  RALE  B  9999999999  SS-4

    If you are required to deposit for employment taxes (Forms 941, 943, 940, 944, 945,
CT-1, or 1042), excise taxes (Form 720), or income taxes (Form 1120), you will receive a
Welcome Package shortly, which includes instructions for making your deposits
electronically through the Electronic Federal Tax Payment System (EFTPS).  A Personal
Identification Number (PIN) for EFTPS will also be sent to you under separate cover.
Please activate the PIN once you receive it, even if you have requested the services of a
tax professional or representative.  For more information about EFTPS, refer to
Publication 966, *Electronic Choices to Pay All Your Federal Taxes*.  If you need to
make a deposit immediately, you will need to make arrangements with your Financial
Institution to complete a wire transfer.

    The IRS is committed to helping all taxpayers comply with their tax filing
obligations.  If you need help completing your returns or meeting your tax obligations,
Authorized e-file Providers, such as Reporting Agents (payroll service providers) are
available to assist you.  Visit the IRS Web site at www.irs.gov for a list of companies
that offer IRS e-file for business products and services.  The list provides addresses,
telephone numbers, and links to their Web sites.

    To obtain tax forms and publications, including those referenced in this notice,
visit our Web site at www.irs.gov.  If you do not have access to the Internet, call
1-800-829-3676 (TTY/TDD 1-800-829-4059) or visit your local IRS office.

**IMPORTANT REMINDERS:**

  * Keep a copy of this notice in your permanent records.  **This notice is issued only
    one time and the IRS will not be able to generate a duplicate copy for you.**  You
    may give a copy of this document to anyone asking for proof of your EIN.

  * Use this EIN and your name exactly as they appear at the top of this notice on all
    your federal tax forms.

  * Refer to this EIN on your tax-related correspondence and documents.

    If you have questions about your EIN, you can call us at the phone number or write to
us at the address shown at the top of this notice.  If you write, please tear off the stub
at the bottom of this notice and send it along with your letter.  If you do not need to
write us, do not complete and return the stub.

    Your name control associated with this EIN is RALE.  You will need to provide this
information, along with your EIN, if you file your returns electronically.

    Thank you for your cooperation.

(IRS USE ONLY)     575A               09-17-2021  RALE  B  9999999999  SS-4

Keep this part for your records.        CP 575 A (Rev. 7-2007)

--------------------------------------------------------------------------------

Return this part with any correspondence
so we may identify your account.  Please                    CP 575 A
correct any errors in your name or address.
                                                          9999999999

Your Telephone Number  Best Time to Call    DATE OF THIS NOTICE:  09-17-2021
(    )    -                                 EMPLOYER IDENTIFICATION NUMBER:  87-2689214
_____  _____    FORM:  SS-4            NOBOD


INTERNAL REVENUE SERVICE                    RALEG MARCY GROUP INC
CINCINNATI  OH   45999-0023                 45 MAIN STREET SUITE 518
ılıdıldıldıldaldaldadllımıldıdıldıldal      BROOKLYN, NY  11201

# NEW YORK STATE DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS, STATE RECORDS AND UNIFORM COMMERCIAL CODE
## FILING RECEIPT

| | |
|---|---|
| **ENTITY NAME :** | RALEG MARCY GROUP INC. |
| **DOCUMENT TYPE :** | CERTIFICATE OF INCORPORATION |
| **ENTITY TYPE :** | DOMESTIC BUSINESS CORPORATION |



| | |
|---|---|
| **DOS ID :** | 6279529 |
| **FILE DATE :** | 09/13/2021 |
| **FILE NUMBER :** | 210913002379 |
| **TRANSACTION NUMBER :** | 202109130002382-197065 |
| **EXISTENCE DATE :** | 09/13/2021 |
| **DURATION/DISSOLUTION :** | PERPETUAL |
| **COUNTY :** | KINGS |

| | |
|---|---|
| **SERVICE OF PROCESS ADDRESS :** | THE CORPORATION<br>45 MAIN STREET SUITE 518,<br>BROOKLYN, NY, 11201, USA |
| **FILER :** | VCORP SERVICES, LLC<br>25 ROBERT PITT DR., SUITE 204<br>MONSEY, NY, 10952, USA |
| **SERVICE COMPANY :** | VCORP SERVICES, LLC |
| **SERVICE COMPANY ACCOUNT :** | HD |
| **CUSTOMER REFERENCE :** | 30884347 |

*You may verfiy this document online at :*   http://ecorp.dos.ny.gov
**AUTHENTICATION NUMBER :**   100000350398

| | | | |
|---|---|---|---|
| TOTAL FEES: | $130.00 | TOTAL PAYMENTS RECEIVED: | $130.00 |
| FILING FEE: | $125.00 | CASH: | $0.00 |
| CERTIFICATE OF STATUS: | $0.00 | CHECK/MONEY ORDER: | $0.00 |
| CERTIFIED COPY: | $0.00 | CREDIT CARD: | $0.00 |
| COPY REQUEST: | $5.00 | DRAWDOWN ACCOUNT: | $130.00 |
| EXPEDITED HANDLING: | $0.00 | REFUND DUE: | $0.00 |

## CERTIFICATE OF INCORPORATION
### OF
### RALEG MARCY GROUP INC.
#### Under Section 402 of the Business Corporation Law

**FIRST:** The Name of the corporation is: **RALEG MARCY GROUP INC.**

**SECOND:** This corporation is formed to engage in any lawful act or activity for which a corporation may be organized under the Business Corporation Law, provided that it is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

**THIRD:** The county, within this state, in which the office of the corporation is to be located is **KINGS**

**FOURTH:** The total number and value of shares of common stock which the corporation shall have authority to issue is **200 SHARES WITH NO PAR VALUE**

**FIFTH:** The Secretary of State is designated as agent of the corporation upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process against the corporation served upon him or her is:
**THE CORPORATION**
**45 MAIN STREET SUITE 518**
**BROOKLYN, NY 11201**

I certify that I have read the above statements, I am authorized to sign this Certificate of Incorporation, that the above statements are true and correct to the best of my knowledge and belief and that my signature typed below constitutes my signature.

**TAYLOR LOLYA** (Signature)
-----------------------------------------------------

**TAYLOR LOLYA, INCORPORATOR**
**25 ROBERT PITT DR.**
**SUITE 204**
**MONSEY, NY 10952**

Filed by:

**VCORP SERVICES, LLC**
**25 ROBERT PITT DR.**
**SUITE 204**

Filed with the NYS Department of State on 09/13/2021
Filing Number: 210913002379 DOS ID: 6279529

**MONSEY, NY 10952**

Filed with the NYS Department of State on 09/13/2021
Filing Number: 210913002379 DOS ID: 6279529

<div style="border: 1px solid">

## RESOLUTIONS ADOPTED BY THE INCORPORATOR
### OF
## RALEG MARCY GROUP INC.

</div>

The Undersigned, being the sole Incorporator of RALEG MARCY GROUP INC., a New York Corporation (the "Corporation") hereby adopts the following resolutions:

(1) RESOLVED, that a copy of the Certificate of Incorporation of the Corporation, together with the original receipt showing payment of the statutory organization tax and filing fee, be inserted in the Minute Book of the Corporation.

(2) RESOLVED, that the following person(s) be, and he hereby is/are, elected as Director(s) of the Corporation, to serve until the first annual meeting of shareholders, and until their successors are elected and qualify:

ANDY ALEGE, 45 MAIN STREET SUITE 518, Brooklyn NY 11201

(3) FURTHER RESOLVED, that the undersigned hereby resigns as incorporator and terminates any and all involvement relative to any and all business activities of the Corporation.

Dated:

_____

Taylor Lolya, Incorporator

RESOLUTIONS ADOPTED BY THE DIRECTOR(S)
OF
**RALEG MARCY GROUP INC.**

The undersigned, being the Directors of the above corporation hereby adopt the following resolution.

(1) RESOLVED, that all actions heretofore taken by the Incorporator of the Corporation are adopted, ratified and confirmed by the Director.

(2) RESOLVED, that the form of Bylaws submitted to this meeting be, and they are hereby adopted as the Bylaws of the Corporation.

(3) RESOLVED, that the following person(s) are elected to the office(s) set opposite his/her name, to assume the duties and responsibilities fixed by the Bylaws or by the undersigned as the Director(s) of the Corporation:

President: _____  _____

Vice- President: _____  _____

Treasurer: _____  _____

Secretary: _____  _____

(4) RESOLVED, that the form of seal, an impression of which is hereto affixed in the margin of these minutes, is hereby adopted as the corporate seal of this corporation.

(5) RESOLVED, that the specimen form of certificate if hereby approved and adopted as the certificate representing the shares of this corporation.

(6) RESOLVED, that the corporation proceed to carry on the business for which it was incorporated.

ANDY ALEGE, Director

<div style="border:1px solid black">

# BY-LAWS
OF
**RALEG MARCY GROUP INC.**

</div>

## ARTICLE I    *OFFICES*

The principal office of the corporation shall be located at 45 Main Street, Brooklyn New York 11201.

## ARTICLE II    *SHAREHOLDERS*

SECTION 1 *ANNUAL MEETINGS*
The annual meeting of the shareholders shall be held on the First Tuesday of the month of

January in each year, beginning with the year ____2022____, at the hour of 10 o'clock a.m. for the purpose of electing Directors and for the transaction of such other business as may come before the meeting. If the day fixed for the annual meeting shall be a legal holiday in the State of New York, such meeting shall be held on the next succeeding business day. If the election of Directors shall not be held on the day designated herein for any annual meeting of the shareholders, or at any adjournment thereof, the Board of Directors shall cause the election to be held at a special meeting of the shareholders as soon thereafter as conveniently may be.

SECTION 2 *SPECIAL MEETINGS*
Special meetings of the shareholders, for any purpose or purposes, unless otherwise prescribed by statute, may be called by the President or by the Board of Directors and shall be called by the President at the request of the holders if not less than one-tenth of all the outstanding shares of the corporation entitled to vote are at the meeting.

SECTION 3 *PLACE OF MEETING*
The Board of Directors may designate any place, either within or without the State of «State», as the place of meeting for any annual or special meeting of shareholders. If no designation is made, the place of meeting shall be the principal office of the corporation.

SECTION 4 *NOTICE OF MEETING*
Written or printed notice stating the place, day and hour of the meeting and, in case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered not less than ten or more than fifty days before the date of the meeting, either personally or by mail, by or at the direction of the President, or the Secretary, or the officer or persons calling the meeting, to each shareholder of record entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, addressed to the shareholder at the Shareholder's address as it appears on the stock transfer books of the corporation, with postage thereon prepaid.

SECTION 5 *QUORUM*
A majority of the outstanding shares of the corporation entitled to vote, represented in person or by proxy, shall constitute a quorum at a meeting of shareholders. If less than a majority of

the outstanding shares are represented at a meeting, a majority of the shares so represented may adjourn the meeting from time to time without further notice. At such adjourned meeting at which a quorum shall be present or represented, any business may be transacted which might have been transacted at the meeting as originally notified.

SECTION 6 *PROXIES*
At all meetings of shareholders, a shareholder may vote by proxy executed in writing by the shareholder or by the Shareholder's duly authorized attorney in fact. Such proxy shall be filed with the Secretary of the corporation before or at the time of the meeting. No proxy shall be valid after eleven months from the date of its execution, unless otherwise provided in the proxy.

SECTION 7 *VOTING OF SHARE*
Subject to the provisions of Section 9, each outstanding share entitled to vote shall be entitled to one vote upon each matter submitted to a vote at a meeting of shareholders.

SECTION 8 *PREEMPTIVE RIGHTS*
Each holder of shares in this corporation shall have the first right to purchase shares (and securities convertible into shares) of this corporation that may be from time to time issued (whether or not presently authorized), including shares from the treasury of this corporation, in the ratio that the number of shares held by said holder at the time of issue bears to the total number of shares outstanding, exclusive of treasury shares. This right shall be deemed waived by any shareholder who does not exercise it and pays for the shares preempted within thirty (30) days of receipt of a notice in writing from the corporation stating the prices, terms and conditions of the issue of shares and inviting said holder to exercise his preemptive rights.

SECTION 9 *CUMULATIVE VOTING*
Every shareholder entitled to vote at each election of Directors shall have the right to accumulate their votes by giving one candidate as many votes as the number of the Directors to be elected multiplied by the number of their shares shall equal, or by distributing such votes on the same principal among any number of such candidates.

SECTION 10 *INFORMAL ACTION BY SHAREHOLDER*
Any action required to be taken at a meeting of the shareholders, or any other action which may be taken at a meeting of the shareholders, may be taken without a meeting of a consent in writing, setting forth the action so taken, shall be signed by all of the shareholders entitled to vote with respect to the subject matter thereof.

# ARTICLE III *BOARD OF DIRECTORS*

SECTION 1 *GENERAL POWERS*
The business and affairs of the corporation shall be managed by its Board of Directors.

SECTION 2 *NUMBER, TENURE, AND QUALIFICATIONS*
The number of Directors of the corporation shall be at least two but not more than seven. Each director shall hold office until the next annual meeting of shareholders and until the Director's successor shall have been elected and qualified.

### SECTION 3 *REGULAR MEETINGS*

A regular meeting of the Board of Directors shall be held without other notice than this by-law immediately after, and at the same place as, the annual meeting of shareholders. The Board of Directors may provide, by resolution, the time and place, either within or without the State of «State», for the holding of additional regular meetings without other notice than such resolution.

### SECTION 4 *SPECIAL MEETINGS*

Special meetings of the Board of Directors may be called by or at the request of the President or any two Directors. The person or persons authorized to call special meetings of the Board of Directors may fix any place either within or without the State of «State», as the place for holding any special meeting of the Board of Directors called by them.

### SECTION 5 *NOTICE*

Notice of any special meeting shall be given at least four days previously thereto by written notice delivered personally or mailed to each Director at their customary business address. If mailed, such notice shall be deemed to be delivered when deposited in the United States Mail so addressed, with postage thereon prepaid. Any Director may waive notice of any meeting. The attendance of a Director at a meeting shall constitute a waiver of notice of such meeting, except where a Director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board of Directors need be specified in the notice or waiver of notice of such meeting.

### SECTION 6 *QUORUM*

A majority of the number of Directors fixed by Section 2 of this Article III shall constitute a quorum for the transaction of business at any meeting of the Board of Directors, but if less than such majority is present at a meeting, a majority of the Directors present may adjourn the meeting from time to time without further notice.

### SECTION 7 *MANNER OF ACTING*

The act of the majority of the Directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

### SECTION 8 *VACANCIES*

Any vacancy occurring in the Board of Directors may be filled by the affirmative vote of a majority of the remaining Directors though less than a quorum of the Board of Directors. A Director elected to fill a vacancy shall be elected for the unexpired term of the predecessor in office.

### SECTION 9 *COMPENSATION*

By resolution of the Board of Directors, the Directors may be paid their expenses, if any, for attendance at each meeting of the Board of Directors, and may be paid a fixed sum for attendance at each meeting of the Board of Directors. No such payment shall preclude any

director from serving the corporation in any other capacity and receiving compensation therefore.

### SECTION 10 *PRESUMPTION OF ASSENT*

A Director of the corporation who is present at a meeting of the Board of Directors, at which action on any corporate matter is shall be presumed to assent to the action taken unless the Director's dissent shall be entered in the minutes, of the meeting or unless the Director shall file a written dissent to such action with the person acting as the Secretary of the meeting before the adjournment thereof, or shall forward such dissent by registered mail to the Secretary of the corporation immediately after the adjournment of the meeting. Such right to dissent shall not apply to a Director who voted in favor of such action.

### SECTION 11 *EXECUTIVE COMMITTEE*

The Board of Directors, by resolution adopted by the majority of the Directors fixed by the by-laws, may designate a committee of not less than two Directors which committee, in absence of a resolution of the Board of Directors limiting or restricting its authority shall have and may exercise all of the authority of the Board of Directors in the management of all business and affairs of the corporation, except the Executive Committee may not fill vacancies in the Board of Directors or amend these by-laws. The Board of Directors may at any time remove any member of the Executive Committee with or without cause and may terminate or in any way in its sole discretion limit or restrict the authority of the Executive Committee. The Committee shall keep a record of its proceedings and report such proceedings to the Board of Directors.

## ARTICLE IV  *OFFICERS*

### SECTION 1 *NUMBER*

The officers of the corporation shall be a President, one or more Vice Presidents (the number thereof, if any, to be determined by the Board of Directors), a Secretary, and a Treasurer, each of who shall be elected by the Board of Directors. Any two or more officers may be held by the same person, except the offices of President and Secretary.

### SECTION 2 *ELECTION AND TERM OF OFFICE*

The officers of the corporation to be elected by the Board of Directors shall be elected annually by the Board of Directors at the first meeting of the Board of Directors held after each annual meeting of the shareholders. If the election of officers shall not be held at such meeting, such election shall be held as soon thereafter as conveniently may be. Each officer shall hold office until a successor shall have been duly elected and shall have qualified or until the Officer's death or until the Officer shall resign or shall have been removed in the manner hereinafter provided.

### SECTION 3 *REMOVAL*

Any officer or agent elected or appointed by the Board of Directors may be removed by the Board of Directors, whenever in its judgment the best interests of the corporation would be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an officer or agent shall not of itself create contract rights.

## SECTION 4 *VACANCIES*

A vacancy in any office because of death, resignation, removal, disqualification or otherwise, may be filled by the Board of Directors for the unexpired portion of the term.

## SECTION 5 *PRESIDENT*

The President shall be the principal executive officer of the corporation and, subject to the control of the Board of Directors, shall in general supervise and control all of the business and affairs of the corporation. The President shall, when present, preside at all meetings of the shareholders and of the Board of Directors. The President may sign, with the Secretary or any other proper officer of the corporation thereunto authorized by the Board of Directors, certificates for shares of the corporation, and in general shall perform all duties incident to the office of President and such other duties as may be prescribed by the Board of Directors from time to time.

## SECTION 6 *THE VICE PRESIDENT*

In the absence of the President or in the event of the President's death, inability or refusal to act, the Vice President (or in the event there be more than one Vice President, the Vice Presidents in the order designated at the time of their election, or in the absence of any designation, then in the order of their election) shall perform the duties of the President, and when so acting shall have all the powers of and be subject to all the restrictions upon the President. Any Vice President may sign, with the Secretary or an Assistant Secretary, certificates for shares of the corporation; and shall perform such other duties as from time to time may be assigned to the Vice President by the President or by the Board of Directors.

## SECTION 7 *THE SECRETARY*

The Secretary shall: (a) keep the minutes of the shareholders' and of the Board of Directors' meetings in one or more books provided for the purpose; (b) see that all notices are duly given in accordance with the provisions of these by-laws or as required by law; (c) be custodian of the corporate records and of the seal of the corporation and see that the seal of which on behalf of the corporation under its seal is duly authorized; (d) keep a register of the post office address of each shareholder which shall be furnished to the Secretary by such shareholder; (e) sign with the President, or a Vice President, certificates for shares of the corporation, the issuance of which shall have been authorized by resolution of the Board of Directors; (f) have general charge of the stock transfer books of the corporation; and (g) in general perform all duties incident to the office of Secretary and such other duties as from time to time may be assigned to the Secretary by the President or by the Board of Directors.

## SECTION 8 *THE TREASURER*

The Treasurer shall (a) have charge and custody of and be responsible for all funds and securities of the corporation; (b) receive and give receipts for moneys due and payable to the corporation from any source whatsoever, and deposit all such moneys in the name of the corporation in such banks, trust companies or other depositaries as shall be selected in accordance with the provisions of Article V of these by-laws; and (c) in general perform all of the duties incident to the office of the Treasurer and such other duties as from time to time may be assigned to the Treasurer by the President or by the Board of Directors.

SECTION 9 *SALARIES*
The salaries of the officers shall be fixed from time to time by the Board of Directors and no officer shall be prevented from receiving such salary by reason of the fact that the officer is also a Director of the corporation.

## ARTICLE V *CONTRACTS, LOANS, CHECKS, AND DEPOSITS*

SECTION 1 *CONTRACTS*
The Board of Directors may authorize any officer or officers, agent or agents, to enter into any contract, to execute and deliver any instrument in the name of and on behalf of the corporation, and such authority may be general or confined to specific instances.

SECTION 2 *LOANS*
No loans shall be contracted on behalf of the corporation and no evidences of indebtedness shall be issued in its name unless authorized by a resolution of the Board of Directors. Such authority may be general or confined to specific instances.

SECTION 3 *CHECKS, DRAFTS, ETC.*
All checks, drafts, or other orders for the payment of money, notes or other evidences of indebtedness issued in the name of the corporation shall be signed by such officer or officers, agent or agents, of the corporation and in such manner as shall from time to time be determined by resolution of the Board of Directors.

SECTION 4 *DEPOSITS*
All funds of the corporation not otherwise employed shall be deposited from time to time to the credit of the corporation in such banks, trust companies or other depositaries as the Board of Directors may select.

## ARTICLE VI *CERTIFICATES FOR SHARES AND THEIR TRANSFER*

SECTION 1 *CERTIFICATES FOR SHARES*
Certificates representing shares of the corporation shall be in such form as shall be determined by the Board of Directors. Such certificates shall be signed by the President or a Vice President and by the Secretary or an Assistant Secretary. All certificates for shares shall be consecutively numbered or otherwise identified. The name and address of the person to whom the shares represented thereby are issued, with the number of shares and date of issue, shall be entered on the stock transfer books of the corporation. All certificates surrendered to the corporation for transfer shall be canceled and no certificates shall be issued until the former certificate for a like number of shares shall have been surrendered and canceled, except that in case of a lost, destroyed or mutilated certificate, a new one may be issued therefore upon such terms and indemnity to the corporation as the Board of Directors may prescribe.

SECTION 2 *TRANSFER OF SHARES*
Transfer of shares of the corporation shall be made only on the stock transfer books of the corporation by the holder of record thereof or by a legal representative, who shall furnish

proper evidence of authority to transfer, or by an attorney thereunto authorized by power of attorney duly executed and filed with the Secretary of the corporation, and on surrender for cancellation of the certificate for such shares. The person in whose name shares stand on the books of the corporation shall be deemed by the corporation to be the owner thereof for all purposes.

## ARTICLE VII *FISCAL YEAR*

The fiscal year of the corporation shall begin on the first day of January and end on the 31st day of December.

## ARTICLE VIII *DIVIDENDS*

The Board of Directors may from time to time declare, and the corporation may pay, dividends on its outstanding shares in the manner and upon the terms and conditions provided by law.

## ARTICLE IX *SEAL*

The Board of Directors shall provide a corporate seal which shall be circular in form and shall have inscribed thereon the name of the corporation and conditions provided by law.

## ARTICLE X *WAIVER OF NOTICE*

Whenever any notice is required to be given to any shareholder or director of the corporation under the provisions of these by-laws or under the provisions of the articles of incorporation or under the provisions of the «Corporate_Name» Corporation, a waiver thereof in writing, signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

## ARTICLE XI *AMENDMENTS*

These by-laws may be altered, amended or repealed and new by-laws may be adopted by unanimous vote of the Board of Directors at any regular of special meeting of the Board of Directors, or by affirmative vote of two-thirds of the outstanding shares.

The foregoing initial by-laws of the corporation were adopted by the Board of Directors on this Oct 12, 2021.


*Alege Andy*
_____
Andy Alege, Director

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK
www.nyeb.uscourts.gov

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):**_____     RALEG MARCY GROUP INC     **CASE NO.:**_____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

**[NOTE:** Cases shall be deemed "Related Cases" for purposes E.D.N.Y LBR 1073-1 and E.D.N.Y LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☑ **NO ORDER BARRING DEBTOR FROM FILING A PETITION UNDER ANY CHAPTER IS IN EFFECT.**

☐ **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐ **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

1. **CASE NO.:** _____ **JUDGE:** _____ **DISTRICT/DIVISION:** _____

    **CASE PENDING: (YES/NO):** _____ *[If closed]* Date of Closing: _____

    **CURRENT STATUS OF RELATED CASE:** _____
    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

    **MANNER IN WHICH CASES ARE RELATED:** *(Refer to NOTE above)*: _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - <u>INDIVIDUAL</u>" PART 1 (REAL PROPERTY):**
   REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - <u>NON-INDIVIDUAL</u>" PART 9 (REAL PROPERTY):**
   REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

2. **CASE NO.:** _____ **JUDGE:** _____ **DISTRICT/DIVISION:** _____

    **CASE PENDING: (YES/NO):** _____ *[If closed]* Date of Closing: _____

    **CURRENT STATUS OF RELATED CASE:** _____
    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

    **MANNER IN WHICH CASES ARE RELATED:** *(Refer to NOTE above)*: _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - <u>INDIVIDUAL</u>" PART 1 (REAL PROPERTY):**
   REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - <u>NON-INDIVIDUAL</u>" PART 9 (REAL PROPERTY):**
   REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

**[OVER]**

**DISCLOSURE OF RELATED CASES (cont'd)**

3.  **CASE NO.:** _____ **JUDGE:** _____ **DISTRICT/DIVISION:** _____

   **CASE PENDING: (YES/NO):** _____ [*If closed*] **Date of Closing:** _____

   **CURRENT STATUS OF RELATED CASE:** _____
   **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

   **MANNER IN WHICH CASES ARE RELATED:** (*Refer to NOTE above*): _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - INDIVIDUAL" PART 1 (REAL PROPERTY):**

   REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - NON-INDIVIDUAL" PART 9 (REAL PROPERTY):**

   REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

**NOTE:** Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

**TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:**

I am admitted to practice in the Eastern District of New York (Y/N): _____

**CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):**

I certify under penalty of perjury that:
- The within bankruptcy case is not related to any case pending, or pending within the last eight years, except as indicated on this form.
- I, the above-named debtor, am currently not barred by any order of this court from filing for bankruptcy.

_____
**Signature of Debtor's Attorney**

_____
**Signature of Pro-se Debtor/Petitioner**

300 HERKIMER 8h
**Mailing Address of Debtor/Petitioner**

BROOKLYN NY
**City, State, Zip Code**

Femyan 22 @ Brian C. Fox
**Email Address**

_____
**Area Code and Telephone Number**

Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.

**NOTE:** Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.

2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

☐ _____ X

Chapter 11

Case No: _____

IN RE: RALEG MARCY GROUP INC

Debtor

☐ _____ X

VERIFICATION OF CREDITOR MATRIX / LIST OF CREDITORS

The undersigned Debtor hereby verifies that the Creditor Matrix/List of Creditors herein submitted herein is true and correct to the best of his or her knowledge.

Dated: July 31, 2025

RALEG MARCY GROUP INC (Debtor)

By:   Andy Alege
Title:  President

# CREDITOR MATRIX

1:WILMINGTON TRUST, N.A.,
TRUSTEE OF MFRA TRUST2016-1
C/O MF Residential Assets I. LLC
350 PARK AVENUE , 20 FLOOR
NEW YORK, NY. 10022.